UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SIERRA BOUCHER, LILY ENGEBRECHT,                 **ANSWER**
NATASSIA TUHOVAK, HANNAH WHELAN,
and CASSIDY WOOD,                                Case No. 1:22-cv-00381-CCR

     Plaintiffs,

  -against-

TRUSTEES OF CANISIUS COLLEGE,

     Defendants.
_____

   Defendants Trustees of Canisius College (the "Canisius Trustees" or "the College Trustees"), for their Answer to plaintiffs' Complaint (Dkt. 1) state upon information and belief as follows:

   1.  The allegations set forth in paragraph 1 of the Complaint state legal conclusions, not averments of fact, and thus no response is required. To the extent a response is deemed necessary, the College Trustees deny the allegations set forth in paragraph 1 of the Complaint, except admit that Professor Michael Noonan was at various times a tenured member of the College's faculty, and state in response to the allegation referencing "gender-based mistreatment" that the Court has dismissed gender discrimination claims, set forth in Count II of the Complaint, in their entirety. (*See* Dkt. 15 at 11-12, 24).

   2.  The College Trustees admit in response to the allegations set forth in paragraph 2 of the Complaint that Professor Michael Noonan worked at the College for approximately 40 years prior to 2019, and admit that Professor Noonan at various points in time was Chair of the Animal Behavior, Ecology, and Conservation ("ABEC") Department, as well as the Director of the Canisius Ambassadors for Conservation ("CAC") program, but deny that Professor Noonan

conditioned mentorship or departmental support on a student's submission to sexually suggestive behavior, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in that paragraph 2.

3.      The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      The College Trustees deny the allegations set forth in paragraph 4 of the Complaint, and affirmatively state that this allegation is not in any way relevant to the instant action.

5.      The College Trustees state in response to the allegations set forth in paragraph 5 of the Complaint that the ABEC Department and the CAC program during the times relevant to this action received modest amounts of monetary support, nowhere  near "millions of dollars" and largely internally directed grant support with no governmental grant dollars, which was used to enhance student opportunities and invest in student research, and affirmatively state that this allegation is not in any way relevant to the instant action.

6.      The College Trustees deny the allegations set forth in paragraph 6 of the Complaint.

7.      The College Trustees deny the allegations set forth in paragraph 7 of the Complaint, and affirmatively state that to the extent plaintiffs claim this allegation relates to a claim for "gender-based discrimination," that the Court has dismissed gender discrimination claims, set forth in Count II of the Complaint, in their entirety. (*See* Dkt. 15 at 11-12, 24).

8.      The College Trustees admit in response to the allegations set forth in paragraph 8 of the Complaint that Deborah Instone-Noonan worked at the College beginning in 2003, first as an adjunct faculty member and later as an Associate Dean in the College of Arts and Sciences, admit that she retired from the College in 2018, and affirmatively state that Dr. Instone-Noonan's employment at the College is not in any way relevant to the instant action.

9.      The College Trustees admit in response to the allegations set forth in paragraph 9 of the Complaint that Dr. Instone-Noonan left the College's employ in June 2018, admit that at some point Professor Noonan and Dr. Instone-Noonan divorced, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph 9, and affirmatively state that these allegations are not in any way relevant to the instant action.

10.     The College Trustees admit in response to the allegations set forth in paragraph 10 of the Complaint that in or around Thursday, February 7, 2019 the College's interim Title IX Coordinator, Linda Walleshauser, received an email message from a single student referencing "some concerns" the student allegedly was having with an unidentified professor, admit that Ms. Walleshauser (who was off campus at the time) set a meeting for Monday, February 11 (the first day of her return to campus), admit that the student separately e-mailed on February 8, 2019 referencing "other students" with "some concerns," and admit that on February 11, 2019 Ms. Walleshauser met with eight students, including all five plaintiffs, who discussed various concerns about Professor Noonan's alleged behavior, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

11.     The College Trustees admit in response to the allegations set forth in paragraph 11 of the Complaint that Professor Elizabeth Hogan served in 2019 as Chair of the College's Biology Department and that on or about January 25, 2019 she discussed concerns a student had voiced about Professor Noonan, deny the balance of the allegations set forth in this paragraph 11, and affirmatively allege that Professor Hogan advised the reporting student to bring her concerns to the College's Title IX Office. The College Trustees affirmatively state that Canisius cannot in any event confirm, comment upon, or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

12.     The College Trustees admit that Professor Hogan met with plaintiff Tuhovak on February 6, 2019, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, except admit that Professor Susan Margulis had acted as Chair of the ABEC Department in 2018, and deny that plaintiff Tuhovak in 2018 had raised complaints with Professor Susan Margulis about sexist, abusive behaviors on the part of Professor Noonan. The College Trustees affirmatively state that Canisius cannot in any event confirm, comment upon, or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

13.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint regarding the operation of plaintiff Tuhovak's mind, deny that plaintiff Tuhovak had raised a question as to how to file a Title IX complaint, and affirmatively allege that Professor Hogan advised Tuhovak to bring her concerns to the College's Title IX Office—which she did.

14.     The College Trustees admit in response to the allegations set forth in paragraph 14 of the Complaint that Linda Walleshauser currently serves as the College's Associate Vice President for Human Resources and Compliance, admit that in 2018-19 she also served as the College's interim Title IX Coordinator, deny that in January 2019 Professor Hogan provided to Ms. Walleshauser details of concerns discussed with any student, and deny that Professor Hogan identified by name any student who shared complaints with her in January 2019. The College Trustees affirmatively state that Canisius cannot in any event confirm, comment upon, or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

15.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, including allegations related to plaintiff Tuhovak's subjective state of mind, or discussions Tuhovak claims to have had with other persons.

16.     The College Trustees state in response to the allegations set forth in paragraph 16 of the Complaint that Ms. Walleshauser first met with eight students, including all five plaintiffs, on February 11, 2019 to discuss their concerns about Professor Noonan's alleged behavior, and deny that at the meeting the students presented a document providing specific detail as to their concerns.

17.     The College Trustees admit in response to the allegations set forth in paragraph 17 of the Complaint that Ms. Walleshauser stated that she would conduct an investigation with respect to the reported student concerns, admit that she told the reporting students they would be protected from retaliation pursuant to applicable College policy, admit that she told the reporting students that various supportive measures were available to them, affirmatively state that Ms. Walleshauser asked the reporting students to each submit, in writing, their particular concerns and that upon receipt she would meet with each, individually, and deny the balance of the allegations set forth in this paragraph.

18.     The College Trustees deny the allegations set forth in paragraph 18 of the Complaint, and affirmatively state that, among other things, in the two days after the February 11, 2019 meeting Ms. Walleshauser collected written submissions from the reporting students, met with each of the eight students (including all five plaintiffs) individually, met with College leadership about the situation, and that as of Thursday, February 14 (the day after the last student interview concluded), the College determined that it would place Professor Noonan on involuntary

leave, relieve him of all teaching and academic responsibilities, and direct that he neither visit campus unescorted, nor contact any Canisius student in any way as the investigation proceeded.

19.     The College Trustees deny the allegations set forth in paragraph 19 of the Complaint to the extent they allege that any plaintiff, or any other Canisius student, continued working for and studying under Professor Noonan for four weeks after the reporting students came forward with their complaints, and deny knowledge or information sufficient to form a belief as to the truth of the allegations related to plaintiffs' subjective states of mind.

20.     The College Trustees deny with respect to the allegations set forth in paragraph 20 of the Complaint that Canisius waited until the end of February 2019 to act, affirmatively state that Professor Noonan was away from the College between February 14, 2019 (the day the College leadership decided to impose an involuntary leave) and February 21, 2019, and affirmatively state that on February 21, 2019 (the day of his return), Vice President for Academic Affairs Margaret McCarthy and Ms. Walleshauser met with Professor Noonan and notified him that he was being suspended, effective immediately and for an indefinite period, that he was prohibited from communicating with students during his suspension, and that steps were taken to avoid the potential for inadvertent student contact with him, and further affirmatively state that on the same day, February 21, 2019, the eight reporting students, including all plaintiffs, were notified that Professor Noonan had been placed on leave from the College, had been told that he was not to contact any student, and that he had been counseled that retaliation against them was prohibited.

21.     The College Trustees admit in response to the allegations set forth in paragraph 21 of the Complaint that the plaintiffs and other students who reported Professor Noonan met with Ms. Walleshauser on April 26, 2019, and during that meeting they stated that they purportedly had

not received updates regarding the ongoing investigation into the allegations against Professor Noonan.

22.    The College Trustees state in response to the allegations set forth in paragraph 22 of the Complaint that, while no applicable College policy required periodic updates with respect to the status of ongoing investigations, Ms. Walleshauser agreed that she would provide updates to the reporting students, affirmatively allege that she did so, and deny the allegations set forth in the balance of this paragraph.

23.    The College Trustees deny the allegations set forth in paragraph 23 of the Complaint, except admit Canisius did not issue an investigative report to plaintiffs.

24.    The College Trustees admit in response to the allegations set forth in paragraph 24 of the Complaint that Ms. Walleshauser sent an email to plaintiffs on June 11, 2019, and respectfully refer the Court to that email for the best evidence of its context and content.

25.    The College Trustees deny the allegations set forth in paragraph 25 of the Complaint except deny knowledge or information sufficient to form a belief as to how, if at all, Professor Noonan "holds himself out," and affirmatively state that the College's actions were consistent with the rights and obligations of the parties under the law.

26.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, except admit that the College's ABEC course of study is a highly regarded interdisciplinary course of study.

28.    The College Trustees deny the allegations set forth in paragraph 28 of the Complaint, and affirmatively state that to the extent plaintiffs claim this allegation relates to a

claim for "gender-based discrimination," that the Court has dismissed gender discrimination claims, set forth in Count II of the Complaint, in their entirety. (*See* Dkt. 15 at 11-12, 24).

29.     The College Trustees deny the allegations set forth in paragraph 29 of the Complaint.

30.     The allegations set forth in paragraph 30 of the Complaint state legal conclusions and contentions as to the rationale for plaintiffs' pursuit of their claims in this action, not averments of fact, and thus no response is required. To the extent a response is deemed necessary, the College Trustees deny the allegations set forth in paragraph 30 of the Complaint, and affirmatively state that plaintiffs are entitled to no relief as against the College.

31.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, except admit that at certain times plaintiff Boucher was a matriculated student at Canisius College.

32.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, except admit that at certain times plaintiff Engebrecht was a matriculated student at Canisius College.

33.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, except admit that at certain times plaintiff Tuhovak was a matriculated student at Canisius College.

34.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, except admit that at certain times plaintiff Whelan was a matriculated student at Canisius College.

35.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, except admit that at certain times plaintiff Wood was a matriculated student at Canisius College.

36.     The College Trustees state in response to the allegations set forth in paragraph 36 of the Complaint that Canisius College is, and for more than 150 years has been, an institution of higher learning organized and existing under the laws of the State of New York, state that during that entire period the College has been sponsored by the Society of Jesus, commonly known as the Jesuits, and further state that the College currently is located in the City of Buffalo and the County of Erie, with a primary address at 2001 Main Street in Buffalo.

37.     The College Trustees state in response to the allegations set forth in paragraph 37 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

38.     The College Trustees state in response to the allegations set forth in paragraph 38 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

39.     The College Trustees state in response to the allegations set forth in paragraph 39 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

40.     The College Trustees state in response to the allegations set forth in paragraph 40 of the Complaint that Canisius College is a private Jesuit college that offers undergraduate and graduate degree programs with a student enrollment of approximately 2,700 students.

41.     The College Trustees state in response to the allegations set forth in paragraph 41 of the Complaint that the cost of tuition for the 2018-2019 academic year was $27,940.

42.     The College Trustees deny the allegations set forth in paragraph 42 of the Complaint.

43.     The College Trustees admit in response to the allegations set forth in paragraph 43 of the Complaint that among the 43 elective course offerings for students majoring in Animal Behavior, Ecology and Conservation in the 2018-2019 academic year were Social Organization of Mammals, Sex, Evolution and Behavior, and Reproductive Biopsychology, and deny knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in this paragraph.

44.     The College Trustees admit in response to the allegations set forth in paragraph 44 of the Complaint that the College has, over the course of more than a decade, invested approximately $47 million in the purchase and development of its Science Hall, admit that as of the time plaintiffs were enrolled at the College Science Hall housed the Canisius Departments of Mathematics, Computer Science and Physics, as well as its Institute for Autism Research, its Pre-Medical Center and its Physician Assistant Studies graduate program, admit that recently the Science Center also housed the College's Biology Department and the ABEC Department, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

45.     The College Trustees admit the allegations set forth in paragraph 45 of the Complaint.

46.     The College Trustees admit in response to the allegations set forth in paragraph 46 of the Complaint that Professor Noonan was involved in the establishment of the Canisius Ambassadors for Conservation group, and respectfully refer this Court to the website cited in this paragraph for the best evidence of that website's content and context.

47.     The College Trustees admit in response to the allegations set forth in paragraph 47 that Professor Noonan, with the assistance of certain students, produced pro-conservation, educational resources about the ecosystems they studied, including developing video documentaries, and further admit that certain of the research findings were chronicled in an award-winning video documentary produced and directed by Professor Noonan, which awards included the 2005 Animal Behavior Society Film of the Year (non-commercial) division, and designation as a 2005 Telly Award Finalist in the Education category.

48.     The College Trustees deny the allegation set forth in paragraph 48 of the Complaint that Canisius "scrubbed its website of information" regarding Professor Noonan, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and affirmatively state that the large majority of students who pursue a course of studies in ABEC programs are women.

49.     The College Trustees deny the allegations set forth in paragraph 49 of the Complaint.

50.     The College Trustees admit in response to the allegations set forth in paragraph 50 of the Complaint that plaintiffs are women, at various times, participated in CAC trips, but deny the characterization that plaintiffs were part of a "select group of favorites" and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

51.     The College Trustees admit in response to the allegations set forth in paragraph 51 of the Complaint that a trip to India, also referred to by plaintiffs as "Project Tiger," occurred in January 2019, but deny knowledge or information sufficient to from a belief as to the remaining allegations set forth in this paragraph.

52.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56.     The College Trustees admit in response to the allegations set forth in paragraph 56 of the Complaint that Professor Elizabeth Hogan was the Chair of the Biology Department during the 2019 Spring semester, and state that plaintiff Tuhovak first spoke with Professor Hogan about Professor Noonan on February 6, 2019, at which time Professor Hogan, among other things, discussed Tuhovak's reporting options, including the option to make a direct report to the College's Title IX Coordinator, which Tuhovak did the following day. The College Trustees affirmatively state that Canisius cannot in any event confirm, comment upon, or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

57.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.     The College Trustees state in response to the allegations set forth in paragraph 58 of the Complaint that plaintiff Tuhovak, on February 7, 2019, sent Ms. Walleshauser (who was away from campus) an email requesting to meet and discuss "some concerns" about an

unidentified professor, and that eight students, including all five plaintiffs, subsequently met with Ms. Walleshauser on February 11, 2019 (her first day back on campus) to discuss their concerns about Professor Noonan.

59.    The College Trustees state in response to the allegations set forth in paragraph 59 that after the February 11 meeting, Ms. Walleshauser requested written statements from the students in order to ensure that she had a complete record of all their concerns, and then met individually with those eight students, including all five plaintiffs, on Tuesday, February 12 or Wednesday, February 13, 2019. The College Trustees further state that Ms. Walleshauser never received a written statement from plaintiff Tuhovak.

60.    The College Trustees deny the allegations set forth in paragraph 60 of the Complaint.

61.    The College Trustees deny the allegations set forth in paragraph 61 of the Complaint, and affirmatively state that the College's pertinent policies, including its Sexual and Gender-Based Misconduct Policy, are the subject of various College presentations to students, at orientation and thereafter, and affirmatively state that at all relevant times the College has publicly posted all pertinent policies, including its Sexual and Gender-Based Misconduct Policy, on the College's website.

62.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint with respect to plaintiffs' subjective states of mind, deny the remaining allegations set forth in that paragraph, and affirmatively state that plaintiffs never had any contact, nor do they allege any contact, with Professor Noonan after reporting their concerns to Ms. Walleshauser.

63.     The College Trustees state in response to the allegations set forth in paragraph 63 of the Complaint that Canisius addressed the student reports in a serious and effective manner, state that Canisius exhibited care for the reporting students, including all plaintiffs, and deny any allegation or inference that Canisius failed to do so.

64.      The College Trustees deny the allegations set forth in paragraph 64 of the Complaint.

65.     The College Trustees state in response to the allegations set forth in paragraph 65 of the Complaint that on April 26, 2019 Ms. Walleshauser met with the students who had brought complaints to her, and discussed among other things the status of the investigation.

66.     The College Trustees state in response to the allegations set forth in paragraph 66 of the Complain that Ms. Walleshauser at the April 26, 2019 meeting told the students that the investigation with respect to their complaints was ongoing, that the College was committed to being fair to all parties involved, and that the College's goal was to ensure that behavior of the sort reported by the students did not recur, and the College Trustees deny the balance of the allegations set forth in that paragraph.

67.     The College Trustees state in response to the allegations set forth in paragraph 67 of the Complaint that Ms. Walleshauser sent an email to plaintiffs on June 11, 2019, and respectfully refer the Court to that email for the best evidence of its content and context.

68.     The College Trustees deny the allegations set forth in paragraph 68 of the Complaint.

69.     The College Trustees deny the allegations set forth in paragraph 69 of the Complaint.

70.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint with respect to the subjective understandings of the plaintiffs, and deny the balance of the allegations set forth in this paragraph.

71.     The College Trustees deny the allegations set forth in paragraph 71, except admit that Professor Susan Margulis was the Chair of the ABEC Department during the 2019 Spring semester, and that Professor Margulis was among the faculty members who supervised and developed plans with students regarding their academic work after Professor Noonan had been placed on involuntary leave.

72.     The College Trustees deny the allegations set forth in paragraph 72 of the Complaint.

73.     The College Trustees admit the allegation set forth in paragraph 73 of the Complaint that students produced podcasts and related media accounts of their "Project Tiger" work, but deny knowledge or information sufficient to form a belief as to the subjective states of mind or expectations of the students.

74.     The College Trustees deny the allegations set forth in paragraph 74 of the Complaint.

75.     The College Trustees deny the allegations set forth in paragraph 75 of the Complaint.

76.     The College Trustees deny the allegations set forth in paragraph 76 of the Complaint.

77.     The College Trustees deny the allegations set forth in paragraph 77 of the Complaint.

78.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint, and respectfully refer the Court to the website link cited therein for the best evidence of its content and context.

79.     The College Trustees admit in response to the allegations set forth in paragraph 79 of the Complaint that Plaintiff Sierra Boucher attended Canisius as a student, but deny knowledge or information sufficient to form a belief as to her reasons or rationale for attending Canisius or participating in the ABEC Program.

80.      The College Trustees state in response to the allegation set forth in paragraph 80 of the Complaint that there was a program entitled "Project Wolf" in 2018 which included travels to the western United States, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

81.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint.

83.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

85.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

86.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint.

87.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint.

88.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

90.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

92.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint.

95.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

96.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

97.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

98.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

102.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Complaint.

103.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

104.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint.

105.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint.

106.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint.

107.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Complaint.

108.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher, and deny that Canisius knew of or in any way condoned any "inappropriate conduct" or "misbehavior."

109.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

110.     The College Trustees admit in response to the allegations set forth in paragraph 110 of the Complaint that there was a program entitled "Project Tiger," which Professor Noonan was to lead and which would offer students the opportunity to travel to India.

111.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Complaint, affirmatively state that the large majority of students majoring in ABEC studies are women, and that this allegation is not in any way relevant to the instant action.

112.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Complaint.

113.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Complaint.

114.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Complaint.

115.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Complaint.

116.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Complaint, and affirmatively state that they cannot in any event confirm, comment upon, or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

117.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Complaint.

118.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Complaint.

119.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Complaint.

120.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

121.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Complaint.

122.     The College Trustees admit in response to the allegations set forth in paragraph 122 of the Complaint that Ms. Walleshauser met with Boucher and seven other students on February

11, 2019 and at various times thereafter, deny the remaining allegations set forth in this paragraph, and affirmatively state that plaintiffs never had any contact with Professor Noonan, nor do they allege they had any contact, after reporting their concerns to Ms. Walleshauser.

123.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

124.    The College Trustees deny the allegations set forth in paragraph 124 of the Complaint.

125.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

126.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

127.    The College Trustees deny the allegations set forth in paragraph 127 of the Complaint.

128.    The College Trustees deny the allegations set forth in paragraph 128 of the Complaint.

129.    The College Trustees deny the allegations set forth in paragraph 129 of the Complaint.

130.    The College Trustees affirmatively state in response to the allegations set forth in paragraph 130 of the Complaint that to the extent plaintiff Boucher seeks to aver that the College's response to her complaint about Professor Noonan was deficient, that averment is denied. The

College Trustees deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

131.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Complaint.

132.    The College Trustees deny the allegation set forth in paragraph 132 of the Complaint that Canisius purportedly failed to "replace Noonan as Boucher's academic advisor" or placed her in danger of not being able to graduate on time, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

133.    The College Trustees deny the allegation set forth in paragraph 133 of the Complaint that "no one from the ABEC Program" advised Boucher after Professor Noonan was placed on involuntary leave from Canisius, deny that any act or omission of the College enhanced any risk that plaintiff Boucher would not be in a position to graduate with her class, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

134.    The College Trustees state in response to the allegations set forth in paragraph 134 of the Complaint that Professor Margulis provided academic counseling to plaintiff Boucher, but deny that Boucher asked for, or was denied, an academic accommodation or that she failed to graduate on time from the College.

135.    The College Trustees state in response to the allegations set forth in paragraph 135 of the Complaint that Professor Margulis provided academic counseling to plaintiff Boucher, but deny that Boucher asked for, or was denied, an academic accommodation or that she failed to graduate on time from the College.

136.    The College Trustees state in response to the allegations set forth in paragraph 136 of the Complaint that full time students are authorized to take up to 18 credits per semester without incurring any potential for increased tuition obligations, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

137.    The College Trustees deny the allegation set forth in paragraph 137 of the Complaint that it failed to follow its Sexual and Gender-Based Misconduct Policy with respect to the circumstances at issue in this case, deny that it retaliated against plaintiffs in any way, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

138.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 of the Complaint.

139.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 139 of the Complaint.

140.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the Complaint.

141.    The College Trustees deny the allegation set forth in paragraph 141 of the Complaint that Canisius failed to follow its Sexual and Gender-Based Misconduct Policy with respect to the circumstances at issue in this case, deny that Canisius "abused" plaintiff Boucher or retaliated against plaintiffs in any way, and deny knowledge or information sufficient to form a belief as to the truth of the remining allegations set forth in this paragraph, including knowledge or information with respect to the subjective state of mind of plaintiff Boucher.

142.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht.

143.    The College Trustees in response to the allegations set forth in paragraph 143 of the Complaint deny knowledge or information sufficient to form a belief as to Engebrecht's reasons or rationale for wishing to major in ABEC studies, but admit that Engebrecht attended Canisius as a student pursuing ABEC studies, and that among other things Professor Noonan led trips to various locations to study wildlife and conservation issues.

144.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the Complaint.

145.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht, but affirmatively state that the College offered no course entitled "Sexual Evolution" in 2017-2018.

146.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht, but affirmatively state that the College offered no course entitled "Sexual Evolution" in 2017-2018.

147.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht.

148.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht.

149.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149 of the Complaint, but admit that there were programs entitled "Project Wolf" and "Project Tiger," which involved group travels including Professor Noonan.

150.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 150 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht.

151.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151 of the Complaint.

152.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152 of the Complaint.

153.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153 of the Complaint.

154.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Complaint.

155.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155 of the Complaint.

156.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 156 of the Complaint.

157.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht.

158.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 158 of the Complaint.

159.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht.

160.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the Complaint.

161.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 of the Complaint.

162.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 162 of the Complaint.

163.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the Complaint.

164.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht, except admit that there was a trip to India with students, led by Professor Noonan, in January 2019.

165.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 of the Complaint.

166.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 166 of the Complaint.

167.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the Complaint.

168.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168 of the Complaint, and affirmatively state that Canisius cannot in any event confirm, comment upon, or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

169.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 169 of the Complaint.

170.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 170 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht.

171.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 171 of the Complaint.

172.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 172 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht.

173.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the Complaint.

174.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174 of the Complaint.

175.    The College Trustees state in response to the allegations set forth in paragraph 175 of the Complaint that Engebrecht was one of the eight students who reported concerns about Professor Noonan's behavior to Ms. Walleshauser in February 2019.

176.    The College Trustees deny the allegations set forth in paragraph 176 of the Complaint, except deny knowledge or information sufficient to form a belief with respect to the truth of allegations related to the subjective state of mind of plaintiff Engebrecht.

177.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 177 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Engebrecht.

178.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 178 of the Complaint.

179.    The College Trustees deny the allegations set forth in paragraph 179 of the Complaint with respect to reports of a "panic attack," but admit that Malini Suchak was employed during the 2018-2019 academic year as an assistant professor.

180.    The College Trustees deny the allegations set forth in paragraph 180 of the Complaint, except they deny knowledge or information sufficient to form a belief as to the truth of allegations that plaintiff Engebrecht needed medical attention for a "panic attack."

181.    The College Trustees deny the allegation set forth in paragraph 181 of the Complaint that "Canisius wanted to sweep the whole issue of Noonan's misconduct under the rug by allowing him to retire, rather than face an investigation and adjudications of the claims against him for sexual misconduct in violation of the Sexual and Gender-Based Misconduct Policy," and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph 181.

182.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182 of the Complaint, except admit that Alison Smith is employed at the Canisius College Counseling Center.

183.    The College Trustees deny the allegations set forth in paragraph 183 of the Complaint.

184.    The College Trustees deny the allegations set forth in paragraph 184 of the Complaint, and affirmatively state that Professor Margulis, among several other faculty and staff members, assisted and supported plaintiff Engebrecht, and other students, with respect to various academic pursuits and related activities after Professor Noonan had been placed on involuntary leave.

185.    The College Trustees deny the allegations set forth in paragraph 185 of the Complaint.

186.    The College Trustees deny the allegations set forth in paragraph 186 of the Complaint.

187.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 187 of the Complaint, except that they deny any averment or attempt to imply that any act or omission of the College was taken in retaliation against plaintiff Engebrecht, or any other plaintiff.

188.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 188 of the Complaint.

189.    The College Trustees state in response to the allegations set forth in paragraph 189 of the Complaint that Professor Noonan taught the Social Organization of Mammals Lab in the Fall of 2016, which involved a trip to Colorado in October 2016, and deny knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in paragraph 189 of the Complaint, except that they admit that Professor Noonan frequently taught the Social Organization of Mammals and Social Organization of Mammals Lab courses as part of the ABEC Department offerings.

190.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 190 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Tuhovak, and affirmatively state that Canisius cannot in any event confirm, comment upon, or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

191.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 191 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Tuhovak.

192.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 192 of the Complaint.

193.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 193 of the Complaint.

194.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 194 of the Complaint.

195.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 195 of the Complaint.

196.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 196 of the Complaint.

197.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 197 of the Complaint.

198.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 198 of the Complaint.

199.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 199 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Tuhovak.

200.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 200 of the Complaint.

201.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 201 of the Complaint.

202.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 202 of the Complaint.

203.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 203 of the Complaint.

204.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 204 of the Complaint.

205.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the Complaint.

206.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 206 of the Complaint.

207.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 207 of the Complaint.

208.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 208 of the Complaint.

209.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 209 of the Complaint.

210.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 210 of the Complaint.

211.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 211 of the Complaint.

212.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 212 of the Complaint.

213.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 213 of the Complaint.

214.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 214 of the Complaint.

215.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 215 of the Complaint.

216.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 216 of the Complaint.

217.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 217 of the Complaint, except admit that Professor Noonan worked with students on programs at the Buffalo Zoo.

218.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 218 of the Complaint.

219.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 219 of the Complaint.

220.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 220 of the Complaint.

221.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 221 of the Complaint.

222.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 222 of the Complaint.

223.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 223 of the Complaint.

224.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 224 of the Complaint.

225.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 225 of the Complaint.

226.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 226 of the Complaint.

227.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 227 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Tuhovak.

228.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 228 of the Complaint.

229.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 229 of the Complaint.

230.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 230 of the Complaint.

231.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 231 of the Complaint, except admit that Professor Noonan worked with students on programs at Marineland.

232.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 232 of the Complaint, except admit that Professor Noonan often used a van owned by Canisius in order to drive students to area research activities, including those at Marineland.

233.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 233 of the Complaint.

234.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 234 of the Complaint.

235.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 235 of the Complaint.

236.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 236 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Tuhovak.

237.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 237 of the Complaint.

238.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 238 of the Complaint.

239.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 239 of the Complaint.

240.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 240 of the Complaint.

241.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 241 of the Complaint.

242.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 242 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Tuhovak.

243.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 243 of the Complaint.

244.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 244 of the Complaint.

245.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 245 of the Complaint.

246.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 246 of the Complaint.

247.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 247 of the Complaint.

248.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 248 of the Complaint.

249.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 249 of the Complaint.

250.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 250 of the Complaint.

251.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 251 of the Complaint.

252.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 252 of the Complaint.

253.     The College Trustees deny the allegations set forth in paragraph 253 of the Complaint.

254.     The College Trustees deny the allegations set forth in paragraph 254 of the Complaint.

255.     The College Trustees deny the allegations set forth in paragraph 255 of the Complaint.

256.     The College Trustees deny the allegations set forth in paragraph 256 of the Complaint.

257.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 257 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Tuhovak.

258.     The College Trustees deny the allegations set forth in paragraph 258 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to Tuhovak's state of mind.

259.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 259 of the Complaint.

260.     The College Trustees state in response to the allegations set forth in paragraph 260 of the Complaint that Professor Hogan met with a student on or about January 25, 2019 to discuss certain concerns from the student about Professor Noonan,  deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and affirmatively state that they cannot in any event confirm, comment upon or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

261.     The College Trustees affirmatively state in response to the allegations set forth in paragraph 261 of the Complaint that they cannot confirm, comment upon or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

262.     The College Trustees affirmatively state in response to the allegations set forth in paragraph 262 of the Complaint that they cannot confirm, comment upon or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

263.     The College Trustees state in response to the allegations set forth in paragraph 263 of the Complaint that plaintiff Tuhovak met with Professor Hogan on February 6, 2019, and that they discussed certain concerns about Professor Noonan's behavior, including behaviors allegedly occurring during a recent trip to India (which Tuhovak did not attend), and deny the remaining allegations in this paragraph.

264.     The College Trustees state in response to the allegations set forth in paragraph 264 of the Complaint that plaintiff Tuhovak met with Professor Hogan on February 6, 2019, and that

they discussed certain concerns about Professor Noonan's behavior, and deny the remaining allegations in this paragraph.

265.    The College Trustees deny the allegations set forth in paragraph 265 of the Complaint.

266.    The College Trustees admit in response to the allegations set forth in paragraph 266 of the Complaint that Professor Hogan notified Ms. Walleshauser on or about January 28, 2019 of certain student concerns about very recent behaviors of Professor Noonan, but affirmatively state they cannot in response to the remaining allegations in this paragraph confirm, comment upon or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

267.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 267 of the Complaint, except admit that Professor Hogan made a report to Ms. Walleshauser on or about January 28, 2019, and further admit that Ms. Walleshauser met with eight students, including all five plaintiffs, on February 11, 2019 and in the days immediately thereafter.

268.    The College Trustees deny the allegations set forth in paragraph 268 of the Complaint.

269.    The College Trustees deny the allegations set forth in paragraph 269 of the Complaint, except admit that Ms. Walleshauser requested Tuhovak, on numerous occasions, to submit a written statement summarizing her concerns with respect to Professor Noonan, but she never did so. The College Trustees further deny knowledge or information sufficient to form a belief as to the truth of the allegations related to Tuhovak's state of mind.

270.     The College Trustees deny the allegations set forth in paragraph 270 of the Complaint.

271.     The College Trustees deny the allegations set forth in paragraph 271 of the Complaint.

272.     The College Trustees deny the allegations set forth in paragraph 272 of the Complaint.

273.     The College Trustees deny the allegations set forth in paragraph 273 of the Complaint.

274.     The College Trustees deny the allegations set forth in paragraph 274 of the Complaint.

275.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 275 of the Complaint, including with respect to the truth of the allegations related to Tuhovak's state of mind.

276.     The College Trustees deny the allegation set forth in paragraph 276 of the Complaint that Canisius purportedly "fail[ed] to hold Noonan responsible for his illegal conduct" and retaliated against Tuhovak, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

277.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 277 of the Complaint.

278.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 278 of the Complaint, but admit that plaintiff Hannah Whelan attended Canisius as a student.

279.     The College Trustees state in response to the allegations set forth in paragraph 279 of the Complaint that Professor Noonan taught a class during the 2017 Fall semester titled, "Sex, Evolution, and Behavior," but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

280.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 280 of the Complaint.

281.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 281 of the Complaint.

282.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 282 of the Complaint.

283.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 283 of the Complaint.

284.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 284 of the Complaint.

285.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 285 of the Complaint.

286.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 286 of the Complaint.

287.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 287 of the Complaint.

288.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 288 of the Complaint.

289.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 289 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

290.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 290 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

291.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 291 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

292.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 292 of the Complaint, except admit that Professor Noonan led a project entitled "Project Wolf" which included a trip to the western United States.

293.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 293 of the Complaint.

294.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 294 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

295.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 295 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

296.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 296 of the Complaint.

297.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 297 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

298.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 298 of the Complaint.

299.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 299 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

300.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 300 of the Complaint.

301.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 301 of the Complaint.

302.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 302 of the Complaint, except admit that Professor Noonan led a project entitled "Project Tiger" which included a trip to India in January 2019.

303.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 303 of the Complaint.

304.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 304 of the Complaint.

305.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 305 of the Complaint.

306.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 306 of the Complaint.

307.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 307 of the Complaint.

308.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 308 of the Complaint.

309.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 309 of the Complaint.

310.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 310 of the Complaint.

311.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 311 of the Complaint.

312.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 312 of the Complaint.

313.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 313 of the Complaint.

314.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 314 of the Complaint, and affirmatively state that they cannot confirm, comment upon or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

315.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 315 of the Complaint.

316.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 316 of the Complaint.

317.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 317 of the Complaint.

318.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 318 of the Complaint.

319.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 319 of the Complaint.

320.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 320 of the Complaint.

321.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 321 of the Complaint.

322.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 322 of the Complaint.

323.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 323 of the Complaint.

324.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 324 of the Complaint.

325.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 325 of the Complaint.

326.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 326 of the Complaint.

327.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 327 of the Complaint.

328.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 328 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

329.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 329 of the Complaint.

330.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 330 of the Complaint.

331.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 331 of the Complaint.

332.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 332 of the Complaint.

333.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 333 of the Complaint.

334.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 334 of the Complaint.

335.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 335 of the Complaint.

336.     The College Trustees deny the allegation set forth in paragraph 336 of the Complaint that "Canisius administrators constantly reinforced Noonan's image as a powerful faculty member," and deny knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in this paragraph, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

337.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 337 of the Complaint.

338.    The College Trustees state in response to the allegations set forth in paragraph 338 of the Complaint that plaintiff Whelan was one of eight students who met with Ms. Walleshauser on February 11, 2019, and in the days immediately afterward, to discuss their concerns about Professor Noonan's alleged behavior, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

339.    The College Trustees deny the allegation set forth in paragraph 339 of the Complaint that Ms. Walleshauser "was trying to excuse Noonan's misconduct" when she met with plaintiff Whelan, and deny knowledge or information sufficient to form a belief as to the subjective state of mind of plaintiff Whelan.

340.    The College Trustees deny the allegations set forth in paragraph 340 of the Complaint.

341.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 341 of the Complaint.

342.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 342 of the Complaint.

343.    The College Trustees deny the allegation set forth in paragraph 343 of the Complaint that the College purportedly did not support plaintiff Whelan or the other students who reported concerns about Professor Noonan, and they deny knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph, including knowledge or information with respect to the subjective state of mind of plaintiff Whelan.

344.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 344 of the Complaint.

345.    The College Trustees deny the allegations set forth in paragraph 345 of the Complaint.

346.    The College Trustees deny the allegations set forth in paragraph 346 of the Complaint.

347.    The College Trustees deny the allegations set forth in paragraph 347 of the Complaint to the extent they infer that Canisius responded to the student complaints at issue with "inaction," or undermined the potential for success of those students, and they deny knowledge or information sufficient to form a belief as to the subjective state of mind of plaintiff Whelan.

348.    The College Trustees deny the allegation set forth in paragraph 348 of the Complaint that the College's actions reflected "deliberate disregard" for plaintiff Whelan or any other reporting student, and they deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

349.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 349 of the Complaint.

350.    The College Trustees deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 350 of the Complaint, except admit that plaintiff Cassidy Wood attended Canisius as a student.

351.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 351 of the Complaint.

352.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 352 of the Complaint, except deny that the College offered a course entitled "Sex and Evolution."

353.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 353 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Wood.

354.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 354 of the Complaint.

355.    The College Trustees state in response to the allegations set forth in paragraph 355 of the Complaint that Professor Noonan led a trip to British Columbia in 2017,  but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and affirmatively state that they cannot confirm, comment upon or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

356.    The College Trustees state in response to the allegations set forth in paragraph 356 of the Complaint that Professor Noonan led a trip to Florida that occurred in 2018, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

357.    The College Trustees state in response to the allegations set forth in paragraph 357 of the Complaint that Professor Noonan led a trip to Uganda in 2018, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and affirmatively state that they cannot confirm, comment upon or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

358.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 358 of the Complaint, and affirmatively state that they cannot confirm, comment upon or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

359.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 359 of the Complaint.

360.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 360 of the Complaint.

361.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 361 of the Complaint.

362.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 362 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Wood.

363.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 363 of the Complaint.

364.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 364 of the Complaint.

365.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 365 of the Complaint.

366.     The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 366 of the Complaint.

367.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 367 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Wood.

368.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 368 of the Complaint, and deny any averment or attempted inference that the College ignored or excused any conduct on Professor Noonan's part that violated College policy.

369.    The College Trustees deny the allegations set forth in paragraph 369 of the Complaint, except that they deny knowledge or information sufficient to form a belief as to the nature or content of the information allegedly imparted by Professor Noonan to plaintiff Wood.

370.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 370 of the Complaint.

371.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 371 of the Complaint.

372.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 372 of the Complaint.

373.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 373 of the Complaint.

374.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 374 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Wood.

375.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 375 of the Complaint, including knowledge or

information with respect to the subjective state of mind of plaintiff Wood, except admit that Professor Noonan led a trip to India in January 2019.

376.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 376 of the Complaint, and affirmatively state that they cannot confirm, comment upon or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

377.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 377 of the Complaint.

378.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 378 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Wood.

379.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 379 of the Complaint.

380.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 380 of the Complaint.

381.    The College Trustees deny the allegations set forth in paragraph 381 of the Complaint to the extent that they seek to aver or imply that Canisius ignored any complaints of favoritism on the part of Professor Noonan, but deny knowledge or information sufficient to form a belief as to complaints unidentified "male students" may have made to plaintiff Wood or other students.

382.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 382 of the Complaint, and affirmatively state

in response that they cannot confirm, comment upon or disclose any information maintained in educational records absent student consent, appropriate judicial order, or waiver.

383.   The College Trustees deny the allegations set forth in paragraph 383 of the Complaint, and affirmatively state that to the extent plaintiffs claim this allegation relates to a claim for "gender-based discrimination," that the Court has dismissed gender discrimination claims, set forth in Count II of the Complaint, in their entirety. (*See* Dkt. 15 at 11-12, 24).

384.   The College Trustees deny the allegations set forth in paragraph 384 of the Complaint, deny knowledge or information sufficient to form a belief as to the subjective state of mind of plaintiff Wood, and affirmatively state that among the appropriate subjects of inquiry in an investigation of the sort at issue would be the discussions, if any, communicating concerns about Professor Noonan's conduct, and his responses, if any, to such communications.

385.   The College Trustees deny the allegations set forth in paragraph 385 of the Complaint.

386.   The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 386 of the Complaint.

387.   The College Trustees deny the allegation set forth in paragraph 387 of the Complaint that Canisius ignored plaintiff Wood, or any other reporting party, in the period after Professor Noonan was placed on involuntary leave.

388.   The College Trustees deny the allegations set forth in paragraph 388 of the Complaint.

389.   The College Trustees deny the allegation set forth in paragraph 389 of the Complaint that the College "lied about investigating [Wood's] complaint," and they deny

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

390.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 390 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Wood.

391.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 391 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff Wood.

392.    The College Trustees deny the allegation set forth in paragraph 392 of the Complaint that the College "swept [students'] concerns under the rug," and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, including knowledge or information with respect to the subjective state of mind of plaintiff Wood.

393.    The College Trustees deny the allegations set forth in paragraph 393 of the Complaint that Canisius was deliberately indifferent to plaintiff Wood or any other reporting party, deny that the College retaliated or undermined Wood or any other reporting party, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, including knowledge or information with respect to the subjective state of mind of plaintiff Wood.

394.    The College Trustees deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 394 of the Complaint.

395.    The College Trustees in response to the allegations set forth in paragraph 395 of the Complaint repeat and reallege the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here.

396.    The College Trustees state that the allegations set forth in paragraph 396 of the Complaint contain no averment of fact, and thus no response is required.

397.    The College Trustees state that the allegations set forth in paragraph 397 of the Complaint contain no averment of fact, and thus no response is required.

398.    The College Trustees state that the allegations set forth in paragraph 398 of the Complaint contain no averment of fact, and thus no response is required.

399.    The College Trustees deny the allegations set forth in paragraph 399 of the Complaint.

400.    The College Trustees deny the allegations set forth in paragraph 400 of the Complaint.

401.    The College Trustees deny the allegations set forth in paragraph 401 of the Complaint.

402.    The College Trustees deny the allegations set forth in paragraph 402 of the Complaint.

403.    The College Trustees deny the allegations set forth in paragraph 403 of the Complaint.

404.    The College Trustees state that the allegations set forth in paragraph 404 of the Complaint contain no averment of fact, and thus no response is required, but to the extent a response is deemed required, the College Trustees deny the allegations set forth in paragraph 404 of the Complaint.

405.    The College Trustees deny the allegations set forth in paragraph 405 of the Complaint.

406.    The College Trustees in response to the allegations set forth in paragraph 406 of the Complaint repeat and reallege the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here; the College Trustees further state that Count II of the Complaint, at paragraphs 406 through 416, has been dismissed by Order of this Court, making a response unnecessary as well. (*See* Dkt. 15 at 11-12, 24).  For avoidance of doubt, however, the Canisius Trustees will respond to those particular allegations.

407.    The College Trustees state that the allegations set forth in paragraph 407 of the Complaint contain no averment of fact, and thus no response is required.

408.    The College Trustees state that the allegations set forth in paragraph 408 of the Complaint contain no averment of fact, and thus no response is required.

409.    The College Trustees state that the allegations set forth in paragraph 409 of the Complaint contain no averment of fact, and thus no response is required.

410.    The College Trustees deny the allegations set forth in paragraph 410 of the Complaint.

411.    The College Trustees deny the allegations set forth in paragraph 411 of the Complaint.

412.    The College Trustees deny the allegations set forth in paragraph 412 of the Complaint.

413.    The College Trustees deny the allegations set forth in paragraph 413 of the Complaint.

414.    The College Trustees deny the allegations set forth in paragraph 414 of the Complaint.

415.    The College Trustees state that the allegations set forth in paragraph 415 of the Complaint contain no averment of fact, and thus no response is required, but to the extent a response is deemed required, the College Trustees deny the allegations set forth in paragraph 415 of the Complaint.

416.    The College Trustees deny the allegations set forth in paragraph 416 of the Complaint.

417.    The College Trustees in response to the allegations set forth in paragraph 417 of the Complaint repeat and reallege the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here.

418.    The College Trustees state that the allegations set forth in paragraph 418 of the Complaint contain no averment of fact, and thus no response is required.

419.    The College Trustees state that the allegations set forth in paragraph 419 of the Complaint contain no averment of fact, and thus no response is required.

420.    The College Trustees state that the allegations set forth in paragraph 420 of the Complaint contain no averment of fact, and thus no response is required.

421.    The College Trustees state that the allegations set forth in paragraph 421 of the Complaint contain no averment of fact, and thus no response is required.

422.    The College Trustees state in response to the allegations set forth in paragraph 422 of the Complaint that the Court is respectfully referred to the College's Sexual and Gender-Based Misconduct Policy for the best evidence of its content and context, and deny that the College violated its policy.

423.    The College Trustees state in response to the allegation set forth in paragraph 423 of the Complaint that the Court is respectfully referred to the College's Sexual and Gender-Based Misconduct Policy for the best evidence of its content and context, and deny that the College violated its policy.

424.    The College Trustees deny the allegations set forth in paragraph 424 of the Complaint.

425.    The College Trustees state in response to the allegation set forth in paragraph 425 of the Complaint that the Court is respectfully referred to the College's Sexual and Gender-Based Misconduct Policy for the best evidence of its content and context, and deny that the College violated its policy.

426.    The College Trustees admit in response to the allegations set forth in paragraph 426 of the Complaint that plaintiffs reported certain concerns about Professor Noonan to the Title IX Coordinator on February 11, 2019.

427.    The College Trustees deny the allegations set forth in paragraph 427 of the Complaint.

428.    The College Trustees deny the allegations set forth in paragraph 428 of the Complaint, including all subparts.

429.    The College Trustees deny the allegations set forth in paragraph 429 of the Complaint.

430.    The College Trustees deny the allegations set forth in paragraph 430 of the Complaint.

431.    The College Trustees deny the allegations set forth in paragraph 431 of the Complaint.

432.    The College Trustees deny the allegations set forth in paragraph 432 of the Complaint.

433.    The College Trustees in response to the allegations set forth in paragraph 433 of the Complaint repeat and reallege the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here.

434.    The College Trustees deny the allegations set forth in paragraph 434 of the Complaint, to the extent they seek to allege that the policies and procedures relied upon by plaintiffs in this action gave rise to any legally enforceable contract between plaintiffs and the College, or that any such alleged contract thereafter was breached.

435.    The College Trustees deny the allegations set forth in paragraph 435 of the Complaint.

436.    The College Trustees state that the allegations set forth in paragraph 436 of the Complaint contain no averment of fact, and thus no response is required.

437.    The College Trustees state that the allegations set forth in paragraph 437 of the Complaint contain no averment of fact, and thus no response is required.

438.    The College Trustees deny the allegations set forth in paragraph 438 of the Complaint.

439.    The College Trustees deny the allegations set forth in paragraph 439 of the Complaint.

440.    The College Trustees deny the allegations set forth in paragraph 440 of the Complaint, including all subparts.

441.    The College Trustees deny the allegations set forth in paragraph 441 of the Complaint.

442.    The College Trustees deny the allegations set forth in paragraph 442 of the Complaint.

443.    The College Trustees deny the allegations set forth in paragraph 443 of the Complaint.

444.    The College Trustees in response to the allegations set forth in paragraph 444 of the Complaint repeat and reallege the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here; the College Trustees further state that Count V of the Complaint, at paragraphs 444 through 451, has been withdrawn by plaintiffs (*see* Dkt. 10 at 27 n.2), and thereafter dismissed by Order of this Court, making a response unnecessary as well. (*See* Dkt. 15 at 1).  For avoidance of doubt, however, the College Trustees will respond to those particular allegations.

445.    The College Trustees deny the allegations set forth in paragraph 445 of the Complaint.

446.    The College Trustees deny the allegations set forth in paragraph 446 of the Complaint.

447.    The College Trustees deny the allegations set forth in paragraph 447 of the Complaint.

448.    The College Trustees deny the allegations set forth in paragraph 448 of the Complaint.

449.    The College Trustees deny the allegations set forth in paragraph 449 of the Complaint.

450.    The College Trustees deny the allegations set forth in paragraph 450 of the Complaint.

451.    The College Trustees deny the allegations set forth in paragraph 451 of the Complaint.

452.    The College Trustees in response to the allegations set forth in paragraph 452 of the Complaint repeat and reallege the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here; the College Trustees further state that Count VI of the Complaint, at paragraphs 452 through 457 has been dismissed by Order of this Court, making a response unnecessary as well. (*See* Dkt. 15 at 23-24).  For avoidance of doubt, however, the College Trustees will respond to those particular allegations.

453.    The College Trustees deny the allegations set forth in paragraph 453 of the Complaint.

454.    The College Trustees deny the allegations set forth in paragraph 454 of the Complaint.

455.    The College Trustees deny the allegations set forth in paragraph 455 of the Complaint.

456.    The College Trustees deny the allegations set forth in paragraph 456 of the Complaint.

457.    The College Trustees deny the allegations set forth in paragraph 457 of the Complaint.

458.    The College Trustees deny each other allegation, or portion thereof, not expressly addressed above.

## DEFENSES

459.    By asserting the instant defenses, the College Trustees do not assume any burdens of proof or persuasion not otherwise imposed by law.

### FIRST DEFENSE

460.    Plaintiffs fail to state a claim for relief against the College Trustees.

### SECOND DEFENSE

461.    Plaintiffs have failed to mitigate their alleged damages.

### THIRD DEFENSE

462.    Plaintiffs' claims are barred or limited by their own non-compliance, unlawful conduct, and/or the doctrines of equitable estoppel and/or laches.

### FOURTH DEFENSE

463.    Plaintiffs' claims are barred by the applicable statutes of limitation.

### FIFTH DEFENSE

464.    The continuing violation doctrine is inapplicable to the instant case.

### SIXTH DEFENSE

465.    The Court lacks jurisdiction over the persons of the defendants.

### SEVENTH DEFENSE

466.    Emotional distress damages are unavailable to plaintiffs asserting Title IX claims.

WHEREFORE, defendant Trustees of Canisius College demand dismissal of the Complaint in all respects, together with the costs and disbursements of this action, and such other and further relief which this Court deems just and appropriate.

Dated: March 31, 2023                          **WARD GREENBERG HELLER & REIDY LLP**

                                                            /s/ Thomas S. D'Antonio
                                                Thomas S. D'Antonio
                                                Christine M. Naassana

                                                1800 Bausch & Lomb Place
                                                Rochester, New York 14604
                                                (585) 454-0700
                                                tdantonio@wardgreenberg.com

cnaassana@wardgreenberg.com

*Attorneys for defendants Trustees of
Canisius College*