# EXHIBIT 3



**From:** Daniela Nanau  dn@danielananau.com
**Subject:** Re: Boucher, et al. v. Trustees of Canisius College--Confidentiality Agreement
**Date:** December 29, 2023 at 12:06 PM
**To:** Naassana, Christine M.  CNaassana@wardgreenberg.com
**Cc:** D'Antonio, Tom  TDAntonio@wardgreenberg.com

Christine,

This case is about Noonan's misconduct and Canisius College's deliberate indifference to it. Any documents relating to Noonan's misconduct and Canisius' deliberate indifference is directly relevant to the claims and defenses in this case and cannot be hidden behind an over broad confidentiality agreement and filings under seal.

This is not about embarrassment; this is about litigating a case in federal court pursuant to the rules. Article III judges make decisions about cases based on information that must be available to the public except under very specific circumstances that likely do not exist here. But I would not know because you refuse to engage with me except to demand that I concede to your view of things, which I am not going to do. I also do not agree that the confidentiality agreement you have proposed is routine. That you may have gotten away with it in other cases does not mean it is correct.

That you believe it is puzzling that I want to discuss what evidence needs the kind of over broad protections you are seeking is particularly strange to me. We are obliged to meet and confer. You are asking me to agree to an agreement that runs counter to the basic premise that information about cases litigated in court must be available to the public, which is enshrined in caselaw from the Supreme Court and the Second Circuit. I encourage you to review that caselaw.

But you know what - I am not going to engage in this kind of debate with you because it is, quite frankly, a waste of time. If you do not want to describe for me specific information that needs to be protected by your overbroad confidentiality agreement and why, beyond the vagaries that you have provided, you will have to do that for the Court and then we can get to the bottom of this situation and move forward.

Daniela

Daniela Nanau
Law Office of Daniela Nanau, P.C.
89-03 Rutledge Avenue
Glendale, New York 11385
Telephone: (888) 404-4975
Facsimile: (718) 998-6916
E-Mail: dn@danielananau.com

Confidentiality Notice:
This communication constitutes an electronic communication and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. Please contact me immediately by return e-mail or at (888) 404-4975 and destroy the original transmission and its attachments without reading or saving in any manner.

> On Dec 29, 2023, at 11:34 AM, Naassana, Christine M. <CNaassana@wardgreenberg.com> wrote:
>
> Daniela,
>
> I want to briefly respond to your message of December 27, and those that preceded it accusing me of seeking to "withhold discovery." That is, simply stated, an unfounded accusation. I never stated, or even implied, that the University would "withhold discovery." I stated that the parties need a confidentiality agreement to govern the production of materials each believed were confidential. That is still the case, and as I am certain you realize, confidentiality agreements (with mechanisms to both designate materials as confidential and mechanisms to challenge such designations) are routine as well as necessary in cases of this sort.
>
> I am puzzled by your insistence that an agreement must "contain a carve out for information related to Noonan's misconduct." Agreeing to a blanket carve-out, focused on a specific person, is something we have never seen, nor something anyone has ever proposed to us.  *If* there are documents related to Professor Noonan (or anyone else) that are designated as confidential and that the non-designating party wishes to challenge, that is certainly something that can (and should) be available. But your focused insistence strikes me as an indication that plaintiffs' goal is to use this litigation as a weapon to punish or embarrass a specific person or persons, rather than to resolve the issues raised.  That is inappropriate.
>
> As for your contention that the University must identify "any specific reasons or examples of information" that warrant confidentiality, respectfully, this is not how confidentiality agreements are designed to work. The parties need not identify, in advance, the precise document or documents that warrant a "Confidential" designation.  In the event a non-designating party challenges a designation, then the reasons for that designation become a focus of the discussion.  And to reverse that process when the parties are still searching for additional documents responsive to outstanding demands is both illogical and unworkable.
>
> I hope that we can avoid protracted debates over what should be routine arrangements in this litigation. But that is, I think, largely up to you. And if we are unable to proceed in a reasonable manner here, unfortunately it will be an issue that the University must bring to Judge Reiss.
>
> **Christine M. Naassana** | WARD GREENBERG HELLER & REIDY LLP
>
> 1800 BAUSCH & LOMB PLACE | ROCHESTER, NY 14604 | T. 585 454 0758 | F. 585 423 5790 | WARDGREENBERG.COM
> <Outlook-Email Sign.jpeg>
>
> **From:** Daniela Nanau <dn@danielananau.com>
> **Sent:** Wednesday, December 27, 2023 4:36 PM
> **To:** Naassana, Christine M. <CNaassana@wardgreenberg.com>
> **Cc:** D'Antonio, Tom <TDAntonio@wardgreenberg.com>
> **Subject:** Re: Boucher, et al. v. Trustees of Canisius College--Confidentiality Agreement
>
> **[USE CAUTION: This email originated from outside of the organization]**
>
> Christine,
>
> Canisius College cannot use its FERPA obligations to get around producing discovery in this matter in a timely fashion. You first provided me with a draft confidentiality agreement on Friday,

December 22 in the afternoon, which was directly before the Christmas holiday. You waited until after 3:30 pm today to respond to an email I sent you yesterday morning, the first day back to work after Christmas.  Now you are saying that you will not produce discovery, which is due tomorrow, because we do not have a confidentiality agreement in place.

Moreover, you have failed to explain why Canisius College requires a provision for discovery that is "attorneys' eyes only" or language in a confidentiality stipulation that seems to conflict with WDNY Local Rule 5.3. As I noted in my email yesterday, a confidentiality stipulation does not relieve your client from following the local rule regarding filings under seal. I am not going to agree to anything beyond what is provided for in the rule.

Throughout the mediation, Tom assured me that Canisius College never received any complaints regarding Noonan from anyone else other than the student group my clients were part of in 2019. Now you are withholding discovery because you claim that your client's FERPA obligations require the labeling of documents regarding students as "confidential" and that merely redacting FERPA-protected identifying information is not enough.

To the extent that your concerns relate to FERPA obligations regarding my clients, please send me FERPA waivers and I will have my clients execute them and then this is all a non-issue.

That said, I am not going to agree to a confidentiality agreement that does not contain a carve out for information relating to Noonan's misconduct. Identifying information relating to students who complained, such as their names and emails addresses, other than Plaintiffs can be redacted. Complaints generally do not have other identifying information. But that is far as I am willing to go right now since you have not provided any specific reasons or examples of information that requires the kind of confidentiality stipulation you have put forth.

Finally, to the extent that you would like to engage with me a productive manner, I suggest that you not wait until the last minute for things of this nature and that you provide specific and concrete reasons for the kind of over broad protection that you seek. Your proposed confidentiality agreement runs counter to the manner in which litigation is supposed to take place. Litigation is a public process and I am not going to agree that Canisus College gets to hide information demonstrating its liability behind a shield afforded by an over broad confidentiality agreement and filings under seal.

Thank you.

Daniela

Daniela Nanau
Law Office of Daniela Nanau, P.C.
89-03 Rutledge Avenue
Glendale, New York 11385
Telephone: (888) 404-4975
Facsimile: (718) 998-6916
E-Mail: dn@danielananau.com

Confidentiality Notice:
This communication constitutes an electronic communication and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. Please contact me immediately by return e-mail or at (888) 404-4975 and destroy the original transmission and its attachments without reading or saving in any manner.

> On Dec 27, 2023, at 3:43 PM, Naassana, Christine M. <CNaassana@wardgreenberg.com> wrote:
>
> Daniela,
>
> I attach an updated draft of the agreement for your review, with edits in Track Changes. Your proposed changes contradict the University's FERPA obligations and violate the privacy of non-party students. Here are some comments regarding your edits and additions:
>
> - You incorrectly state that the first draft of the agreement does not define "Confidential Material." The agreement originally defined "Confidential Material" in paragraph 2 as "material that consists of (a) the name(s) of non-party students, as well as material whose content could reasonably lead a third party to discover those individuals' identities; (b) any information of a personal or intimate nature regarding any individual; (c) or any other category of information this Court subsequently affords confidential status."
>
> - You added that the names of non-party students may be confidential, "unless such information does not in any way relate to any complaints raised about Michael Noonan." This contradicts the University's FERPA obligations, which prohibit the University from disclosing a non-party student's personally identifiable information without authorization. Your insistence that the agreement must "contain carveouts for information that is directly relevant to the claims and defenses in this case" would require the University to potentially disclose a non-party student's personally identifiable information and is thus unacceptable.
>
> - Your note that "redaction of student names will meet your client's FERPA obligations and no more than that is required" again ignores the University's FERPA obligations. The FERPA regulations state that a student's "personally identifiable information" extends beyond a student's name, and includes "other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." *See* 34 C.F.R. 99.3. Mere redaction of student names, alone, may not adequately protect a non-party student's privacy. The parties must have the option to seal a document or portion of a document that contains sensitive information, or to designate a document as "Attorneys' Eyes Only." Moreover, plaintiffs' Requests for Production seek personnel files, which contain highly sensitive and private information. Such files may contain, among other things, benefit enrollment information, federal and state tax forms, and similar materials. I added a citation to Rule 5.3 of the Western District's Local Rules of Civil Procedure, which outlines the procedure for filing documents under seal.
>
> - Paragraph 4 outlines the procedure for designating deposition exhibits or portions of deposition transcripts as "Confidential." You changed the deadline for notifying the reporter and all counsel of record of any "Confidential" designations to a transcript from 30 days to 10 days after a deposition. However, it sometimes takes longer than 10 days for parties to receive a transcript from a court reporter after a deposition. Respectfully, I propose either keeping the 30-day limit or changing the deadline to 10 days after receipt of the transcript.
>
> I hope we can proceed in a productive and reasonable manner in the discovery process.  We have the University's initial production set to go, but most of the several hundred pages are confidential materials.  I am fairly sure that Judge Reiss would expect that we work out the production process without court intervention, and frankly I expect that as well.  If you can get back to me promptly, we'll be able to move forward.  Thanks very much.

me promptly, we'll be able to move forward." Thanks very much.

Thank you,
Christine

**Christine M. Naassana** | Ward Greenberg Heller & Reidy LLP

1800 Bausch & Lomb Place | Rochester, NY 14604 | T. 585 454 0758 | F. 585 423 5910 | WardGreenberg.com

<image001.jpg>

---

**From:** Daniela Nanau <dn@danielananau.com>
**Sent:** Tuesday, December 26, 2023 10:56 AM
**To:** Naassana, Christine M. <CNaassana@wardgreenberg.com>
**Cc:** D'Antonio, Tom <TDAntonio@wardgreenberg.com>
**Subject:** Re: Boucher, et al. v. Trustees of Canisius College--Confidentiality Agreement

**[USE CAUTION: This email originated from outside of the organization]**

Christine,

The proposed confidentiality order that you sent me does not define "confidential material" and provides for filing documents under seal without any mention of the procedures contained in Local Rule 5.3 and applicable case law. For those reasons, Plaintiffs cannot agree to document you have proposed.

Plaintiffs will not agree to any confidentiality agreement if it does not contain carveouts for information that is directly relevant to the claims and defenses in this case. This is a public process and there is a presumption that information related to claims and defenses will be publicly accessible.

Moreover, I am unaware of any information that could be relevant to this case that requires a provision for sealing. Redaction of student names will meet your client's FERPA obligations and no more than that is required.

I have attached a draft of the agreement you sent me with edits in bold. However, if we do not come to agreement on a confidentiality stipulation, please note that no party is excused from its discovery obligations and if your client does not begin to engage in discovery, I will notify the Court in the context of bringing a motion to compel.

Thank you.

Daniela


Daniela Nanau
Law Office of Daniela Nanau, P.C.
89-03 Rutledge Avenue
Glendale, New York 11385
Telephone: (888) 404-4975
Facsimile: (718) 998-6916
E-Mail: dn@danielananau.com

Confidentiality Notice:
This communication constitutes an electronic communication and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. Please contact me immediately by return e-mail or at (888) 404-4975 and destroy the original transmission and its attachments without reading or saving in any manner.

> On Dec 22, 2023, at 1:01 PM, Naassana, Christine M. <CNaassana@wardgreenberg.com> wrote:
>
> Hi Daniela,
>
> Please find attached a draft confidentiality agreement. Our initial production will likely include confidential documents, so please let me know your thoughts on the attached.
>
> Thank you,
> Christine
>
> **Christine M. Naassana** | Ward Greenberg Heller & Reidy LLP
>
> 1800 Bausch & Lomb Place | Rochester, NY 14604 | T. 585 454 0758 | F. 585 423 5910 | WardGreenberg.com
>
> <image001.jpg>
>
> <Confidentiality Agreement.docx>

<Confidentiality Agreement with CMN edits.docx>