# EXHIBIT 4

**Christine M. Naassana**
Direct Dial: 585.454.0758
CNaassana@hodgsonruss.com



February 14, 2024

<u>***Via Electronic Mail Only***</u>

Daniela Nanau, Esq.
Law Office of Daniela Nanau, P.C.
89-03 Rutledge Avenue
Glendale, New York 11385

Re:     *Sierra Boucher, Lily Engebrecht, Natassia Tuhovak, Hannah Whelan, and Cassidy Wood*
         *v. Trustees of Canisius College*
         Western District of New York Case No. 1:22-cv-00381-CCR

Dear Daniela:

I write as a follow-up to your email dated December 29, 2023. I reiterate that the parties need a confidentiality agreement to govern the production of materials in discovery. My understanding is that you have two objections to the attached Confidentiality Agreement: (1) the University must identify "any specific reasons or examples of information" that warrant confidentiality; and (2) an agreement must "contain a carve out for information related to Noonan's misconduct."

As for your first objection, plaintiffs and the University are not required to identify every document that warrants confidentiality before entering into a confidentiality agreement. Rather, paragraph two of the proposed confidentiality agreement lists the categories of information that a party may designate as "Confidential," including material that consists of the names of non-party students, any information of a personal or intimate nature regarding any individual, and proprietary business information. A designating party must in good faith limit any such designation to specific information that qualifies under paragraph two of the agreement. The agreement thus does not allow for mass, indiscriminate, or routinized "Confidential" designations.

For instance, the University produced Professor Noonan's personnel file, but courts in the Second Circuit have regularly issued protective orders limiting public disclosure of personnel files because of the "inherent potential for harm or embarrassment if the information is revealed." *See, e.g.,* *Garnett-Bishop v. New York Cmty. Bancorp, Inc.*, 2013 U.S. Dist. LEXIS 2942, at *5-6 (E.D.N.Y.) (collecting cases protecting personnel files). There may be other documents that should be designated "Confidential," which is why we have proposed a mechanism to govern such designations throughout discovery.

Your insistence that the agreement must contain a "carve out for information related to Noonan's misconduct" minimizes the repercussions of such a provision on non-party students. You stated that the University may redact student names and email addresses, but redactions alone may not be sufficient to protect the identities of non-parties. In fact, courts have recognized the privacy concerns surrounding investigations conducted by Title IX offices, and have found that "redactions



*Daniela Nanau, Esq.*
*February 14, 2024*
*Page 2*

alone may not be sufficient to protect the identity of those involved." *See Metcalf v. Yale Univ.*, 2017 U.S. Dist. LEXIS 21032, at *16 (D. Conn.) (holding that documents that reflected complaints of sexual misconduct were subject to the safeguards of a protective order because "confidentiality is important to encourage parties and witnesses to participate in the investigations and facilitate a fair outcome").

Are you available sometime in the next few days for a phone call to discuss? You previously described my attempt to work with you as a "waste of time," but I am eager to resolve this dispute without court intervention. Thank you.

Sincerely,

Christine M. Naassana

CMN/ds
cc:     Thomas S. D'Antonio (*via email*)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SIERRA BOUCHER, LILY ENGEBRECHT,
NATASSIA TUHOVAK, HANNAH WHELAN,
and CASSIDY WOOD,

                Plaintiffs,

vs.

TRUSTEES OF CANISIUS COLLEGE,

                Defendants.

**STIPULATED CONFIDENTIALITY AGREEMENT**

Case No. 1:22-cv-00381-CCR

Plaintiffs and Defendant Canisius University ("Canisius" or "the University"), sued here as the Trustees of Canisius College, hereby agree and stipulate that in order to facilitate the parties' exchange of confidential, private and sensitive materials, the Parties stipulate and agree as follows:

1.    With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Agreement, no person subject to this Agreement may disclose such Confidential Discovery Material to anyone else except as this Agreement expressly permits.

2.    The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" material that consists of:

    (a)    the name(s) of non-party students, as well as material whose content could reasonably lead a third-party to discover those individuals' identities;

    (b)    any information of a personal or intimate nature regarding any individual;

    (c)    proprietary business information, including trade secrets, competitively sensitive technical, marketing, financial, sales, or other business information that is treated as confidential as a matter of routine business;

(d)    previously nondisclosed material relating to ownership or control of any non-public company;

(e)    previously nondisclosed business plans, product development information, or marketing plans; or

(f)    any other category of information this Court subsequently affords confidential status.

(g)    The parties shall treat as Confidential all documents reflecting the name(s) of non-party students, as well as documents whose content could reasonably lead a third-party to discover those individuals' identities. To the extent such documents are filed with the Court, the parties hereby agree to file such documents under seal in accordance with Rule 5.3 of the Western District's Local Rules of Civil Procedure, with courtesy copies provided to the Court and counsel electronically.

3.    With respect to the Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such Discovery Material as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.    A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Confidentiality Agreement;" or (b) notifying the reporter and all counsel of record, in writing, within **30** days after a deposition has concluded, of the specific

pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, all persons subject to this Agreement will treat such designated portion(s) of the Discovery Material as Confidential.

6.      Nothing contained in this Agreement will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Agreement may disclose such information only to the following persons: (a) counsel for the parties; (b) plaintiffs; (c) current or former employees of Canisius University; (d) experts or consultants retained by any party in this matter; and (e) the Court for adjudication of any issue.

8.      Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

9.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

10.    Recipients of Confidential Discovery Material under this Agreement may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Agreement, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

11.    Nothing in this Agreement will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

12.    Each person who has access to Discovery Material designated as Confidential pursuant to this Agreement must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently

Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16.    The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17.    The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Agreement shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

18.    Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the

attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Agreement.

19.     This Agreement will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

SO STIPULATED AND AGREED

_____                    _____
Daniela Nanau                                              Thomas S. D'Antonio
**Law Office of Daniela Nanau, P.C.**                      Christine M. Naassana
89-03 Rutledge Avenue                                      **Hodgson Russ LLP**
Glendale, New York 11385                                   1800 Bausch & Lomb Place
Phone: (888) 404-4975                                      Rochester, New York 14604
Email: dn@danielananau.com                                 Phone: 585-454-0700
                                                           Email: TDantonio@hodgsonruss.com
                                                                      CNaassana@hodgsonruss.com


Dated: February__, 2024