UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SIERRA BOUCHER, LILY ENGEBRECHT,
NATASSIA TUHOVAK, HANNAH WHELAN, and
CASSIDY WOOD,

                              Plaintiffs,

vs.

TRUSTEES OF CANISIUS COLLEGE,

                              Defendant.

Civil Action Number
1:22-cv-00381-CCR

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## CANISIUS UNIVERSITY'S MOTION FOR A PROTECTIVE ORDER

HODGSON RUSS LLP
1800 Bausch & Lomb Place
Rochester, New York 14604
(585) 454-0700

Thomas S. D'Antonio
Christine M. Naassana
*of counsel*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

SUMMARY OF THE REPLY ......................................................................................................... 1

    POINT I  PLAINTIFFS MISSTATE AND MISCONSTRUE THE RELIEF SOUGHT BY
    CANISIUS.......................................................................................................................... 1

    POINT II  PLAINTIFFS IGNORE THE LAW THAT PROTECTS NON-PARTIES'
    PRIVACY ........................................................................................................................... 6

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**   **Page**

*Berlin v. JetBlue Airways*,
  2020 WL 7706488 (E.D.N.Y. Dec. 29, 2020) ..................................................3

*Byrne v. Yale Univ.*,
  2020 WL 1820761 (D. Conn. Apr. 10, 2020) ..................................................9

*In re City of New York*,
  607 F.3d 923 (2d Cir. 2010) ..........................................................................4

*Dahmer v. W. Ky. Univ.*,
  2019 WL 1781770 (W.D. Ky.) ......................................................................8

*DDK Hotels, Inc. v. Williams-Sonoma, Inc.*,
  2022 WL 2702378 (E.D.N.Y. Feb. 11, 2022) .................................................2

*DeCarlo v. Archie Comic Publications, Inc.*,
  2000 WL 781863 (S.D.N.Y. June 20, 2000) ..................................................5

*Duling v. Gristede's Operating Corp.*,
  266 F.R.D. 66 (S.D.N.Y. 2010) .....................................................................6

*Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*,
  2023 WL 8306746 (S.D.N.Y. Dec. 1, 2023) ..................................................2

*Frank v. Capital Cities Commc'ns, Inc.*,
  1987 WL 19021 (S.D.N.Y. Oct. 16, 1987) .....................................................6

*Garnett-Bishop v. New York Community Bancorp, Inc.*,
  2013 WL 101590 (E.D.N.Y. Jan. 8, 2013) .....................................................7

*Johnson v. Federal Bureau of Prisons*,
  2017 WL 5197143 (E.D.N.Y. Nov. 9, 2017) ..............................................2, 3

*Joy v. North*,
  692 F.2d 880 (2d Cir. 1982) ..........................................................................4

*Ladson v. Ultra E. Parking Corp.*,
  164 F.R.D. 376 (S.D.N.Y. 1996) ...................................................................7

*Metcalf v. Yale Univ.*,
  2017 WL 627423 (D. Conn. Feb. 15, 2017) ...................................................8

*Robert F. v. North Syracuse Central School Dist.*,
   2020 WL 12846935 ............................................................................................. 7

*Sealed Plaintiff v. Sealed Defendant*,
   537 F.3d 185 (2d Cir. 2008) ............................................................................... 2

*Shah v. James P. Purcell Assocs.*,
   2006 WL 988245 (D. Conn. Apr. 2, 2006) ......................................................... 6

*Tromblee v. New York*,
   2022 WL 17266979 (N.D.N.Y. Nov. 29, 2022) .................................................. 3

*Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*,
   2019 WL 3753780 (E.D.N.Y. Aug. 8, 2019) ...................................................... 3

*Wolfe v. Enochian BioSciences Denmark ApS*,
   2022 WL 2390578 (D. Vt. July 1, 2022) ......................................................... 3, 4

**Rules**

Federal Rule of Civil Procedure 26(c) ............................................................................. 1

Western District of New York Local Rule 5.3(c) ........................................................ 1, 2

### SUMMARY OF THE REPLY

Canisius University seeks, pursuant to Federal Rule 26(c), an Order establishing for the parties to this case a process for the designation and handling of confidential and sensitive information produced in discovery. Though commonplace in federal litigation, in this instance counsel have been unable to agree on its terms. Plaintiffs do not dispute that confidential and sensitive information has been and will continue to be produced; rather, in what seems to be a transparent effort to avoid the merits of the University's motion, or the establishment of the requested mechanism, plaintiffs mischaracterize the application as one seeking a sealing order. That relief has not been sought, nor is it relevant to the instant motion. Rather, Canisius seeks entry of what is a garden variety confidentiality Order, and it has more than justified its right to that relief. The motion in all respects should be granted.

### POINT I

### PLAINTIFFS MISSTATE AND MISCONSTRUE THE RELIEF SOUGHT BY CANISIUS

Plaintiffs, likely recognizing the futility of opposing entry of the Order actually sought by Canisius, attempt to oppose a different motion, that never was brought—one seeking to seal. In doing so, plaintiffs seriously misstate the relevant provisions of the confidentiality Order as actually proposed by Canisius. Specifically, the proposed Order provides that:

> The parties shall treat as Confidential all documents reflecting the name(s) of non-party students, as well as documents whose content could reasonably lead a third party to discover those individuals' identities. To the extent such documents are filed with the Court, the parties hereby agree to file such documents under seal *in accordance with Rule 5.3 of the Western District's Local Rules of Civil Procedure,* with courtesy copies provided to the Court and counsel electronically.

*See* Dkt. 22-4, Exhibit C [Proposed Protective Order] at ¶ 2(g) (emphasis supplied); *see also id.* at ¶ 11 (where redactions or *in camera* review of certain documents are not practicable, parties shall "*seek permission* to file the document under seal") (emphasis supplied)).

1

Plaintiffs repeatedly (and incorrectly) insist that this provision of the proposed Order authorizes filings to be made under seal, and contemplates a bypassing the Second Circuit's sealing standards. But the proposed Order does nothing of the sort, and in fact it *specifically mandates* that the parties follow Western District Local Rule 5.3, which by its terms provides that a party seeking *permission* to seal "bears the burden of demonstrating that such material should be sealed under applicable law." Such "applicable law," of course, includes satisfying the multiple factors identified in the Second Circuit's leading case in this area, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

Local Rule 5.3(c) further specifies that a party seeking to file a document under seal must electronically file a notice of motion to seal on the public docket, and deliver to Chambers hard copies of the documents for which a sealing order is sought. Incorporation of the provisions of Local Rule 5.3 in the proposed confidentiality Order thus completely belies any contention that Canisius sought to "automatically seal" documents, or to thwart public access where such access would otherwise be appropriate.

Plaintiffs, moreover, fail to cite any law that forbids a confidentiality order from incorporating language that contemplates the eventual filing of a motion to seal; that is unsurprising, given that no such law exists. On the contrary, it is routine for confidentiality orders to provide a mechanism governing the process for the filing of materials designated as confidential. As the Court recently observed in *Johnson v. Federal Bureau of Prisons*, 2017 WL 5197143, at *3 (E.D.N.Y. Nov. 9, 2017), a protective order "may provide guidance to the parties regarding what documents it might be appropriate to seal and how such documents should be presented to the Court[.]" *Accord, DDK Hotels, Inc. v. Williams-Sonoma, Inc.*, 2022 WL 2702378, at *16 (E.D.N.Y. Feb. 11, 2022); *see also Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*, 2023 WL

2

8306746, at *3 (S.D.N.Y. Dec. 1, 2023) (granting application to seal documents, where protective order instructed that "[i]f a Party seeks to file unredacted Confidential Information or Attorneys' Eyes Only information, it shall file a motion with the Court for filing under seal[.]"); *Tromblee v. New York*, 2022 WL 17266979, at *4 (N.D.N.Y. Nov. 29, 2022) (noting that protective order "contemplated a separate motion to seal").

Plaintiffs' contention that proposed terms of the confidentiality Order at issue here offer "unprecedented protection" with respect to materials designated as confidential is, simply stated, unsupported and specious. Plaintiffs, moreover, inappropriately intertwine a "good cause" analysis for entry of a protective order with the differing analysis required to determine the propriety of a sealing application. *See* Plaintiffs' Memorandum at pp. 10-12. For example, plaintiffs object to the proposed confidentiality Order because it "is not narrowly tailored to balance Canisius College's alleged privacy concerns for third-party students against the public's right to access judicial documents[.]" *Id.* at p. 10. Plaintiffs further argue that the University purportedly failed to "meet the high standard required to place information under seal[.]" *Id.* at p. 12.

But plaintiffs' focus on sealing standards is entirely inapposite at this juncture. Courts have explicitly noted that "the decision to allow documents to be filed under seal in connection with motions and court proceedings is a wholly separate inquiry governed by a different standard than whether to maintain documents disclosed in discovery in confidence." *Berlin v. JetBlue Airways*, 2020 WL 7706488, at *1 (E.D.N.Y. Dec. 29, 2020) (quoting *Johnson*, 2017 WL 5197143, at *3 and citing *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 2019 WL 3753780, at *2 (E.D.N.Y. Aug. 8, 2019)).

Plaintiffs further argue, relying upon *Wolfe v. Enochian BioSciences Denmark ApS*, 2022 WL 2390578 (D. Vt. July 1, 2022), that this Court recently "rejected the defendants' proposed

protective order to the extent that it placed on the plaintiffs *the burden of filing under seal* documents that the defendants had marked as confidential." *See* Plaintiffs' Memorandum at p. 13 (emphasis supplied). Plaintiffs' characterization of the Court's holding and analysis is simply wrong.

As a threshold matter, *Wolfe* is instructive because there, over plaintiffs' objections, this Court found "good cause" for the imposition of a confidentiality order. "Restrictions on disclosure of confidential or sensitive commercial information are 'a routine feature of civil litigation[.]'" *Wolfe*, 2022 WL2390578, at * 2 (quoting *In re City of New York*, 607 F.3d 923, 935 (2d Cir. 2010)). This Court further observed, in a passage of particular relevance to the circumstances in the instant case, that "[d]iscovery involves the use of compulsory process to facilitate orderly preparation for trial, *not to educate or titillate the public.*" *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (emphasis supplied)).

Yet that latter interest is key to plaintiffs' opposition here. They object to the entry of any confidentiality order to the extent it restricts their unfettered ability to make public any and all information "relating to Noonan's misconduct." Dkt. 22-3 [Exhibit B] at p. 25. This unrestricted right to make public disclosure of Professor Noonan's alleged misdeeds has nothing to do with an orderly preparation for trial, and everything to do with embarrassing the object of their wrath. And that is patently improper.

In addition, contrary to plaintiffs' contention, in *Wolfe* there was no analysis whatsoever about the filing of documents under seal. The words "seal" or "sealing" appear nowhere in this Court's decision in that case. Rather, this Court reasoned that the burden of justifying a confidentiality designation should be on the designating party, instead of the party objecting to such a designation. *Wolfe*, 2022 WL 2390578, at *3. The University's proposed Order aligns

squarely with that stated rationale, and allows the non-designating party broad latitude to object to any and all designations with which it disagrees. *See* Dkt. 22-4 at ¶ 8.

Similarly, plaintiffs suggest that proposed Order allows for "mass, indiscriminate" confidentiality designations, and they lament that "all but thirty-four" documents included in the University's initial production were designated as confidential. *See* Plaintiffs' Memorandum at pp. 13-14. But the University's initial document production contained Professor Noonan's personnel file, and the file reflecting the University's confidential investigation into the 2019 student complaints about Noonan. These files contain sensitive information about terms and conditions of employment, and equally sensitive information about the confidential investigation, and about non-party students (and others) who participated in that investigation. Courts routinely have deemed such information to be appropriate for a confidentiality designation. *See* Point II at pp. 6-9, *infra*; *see also* Dkt. 22-5 [Opening Memorandum of Law] at pp. 9-15.

Plaintiffs, finally, insist that the proposed Order "will only encourage motion practice in this case that could be avoided" (*see* Plaintiffs' Memorandum at p. 14), but that unsupported and speculative insistence is contradicted by relevant case law as well. In *DeCarlo v. Archie Comic Publications, Inc.*, 2000 WL 781863 (S.D.N.Y. June 20, 2000), for example, Judge Kaplan entered a proposed protective order which contained a procedure for handling disputes regarding confidentiality designations that was identical to the procedure proposed here—placing the burden squarely on the designating party in the event an objection was made to such a designation. *Id.* at *1. Noting that this procedure was "routine," Judge Kaplan further observed, that "[s]uch orders have saved countless hours of time and effort for all concerned," and that "[i]n 24 years of active litigation practice and nearly six years on the bench, this Court has had extensive experience with

5

such orders and seldom if ever has been involved in a dispute regarding whether the designation of given discovery materials as confidential under such an order was appropriate." *Id.* at *4.

Here, plaintiffs have served 79 separate Requests for Production that have resulted and will result in the production of, quite literally, thousands of documents. *See* Dkt. 22-2 [Exhibit A]. The entry of the requested confidentiality Order is fully warranted. To be clear, Canisius is not seeking on this motion to seal documents or limit disclosure. Rather, it seeks entry of the Order to prevent the misuse of sensitive information that has been and will be produced in discovery. The motion should be granted.

## POINT II

### PLAINTIFFS IGNORE THE LAW THAT PROTECTS NON-PARTIES' PRIVACY

Despite the overwhelming body of law that supports entry of the requested Order, plaintiffs stubbornly refuse to accept the basic proposition that various categories of documents they have requested contain confidential material. It is beyond dispute, however, that courts regularly have recognized the "privacy concerns" that exist with respect to the content of personnel files. *See, e.g., Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72-74 (S.D.N.Y. 2010) (collecting cases and reasoning that "courts have generally characterized personnel files as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential for harm or embarrassment if the information they contain is revealed"); *Shah v. James P. Purcell Assocs.*, 2006 WL 988245, at *2, 3 (D. Conn. Apr. 2, 2006) (holding that content of specified employee files would be "subject to the protections of the confidentiality agreement currently in existence," court recognized "the legitimate privacy interests" of employees in the content of their personnel files); *Frank v. Capital Cities Commc'ns, Inc.*, 1987 WL 19021, at *3 (S.D.N.Y. Oct. 16, 1987) (granting protective order limiting plaintiffs' access to personnel records

of defendants' employees because "[d]efendants clearly have a strong and legitimate interest in maintaining strict control over access to this information").

Plaintiffs insist, however, that case law of this sort is inapplicable because the cited cases involve employment discrimination claims, "which is not relevant to the instant Title IX case." *See* Plaintiffs' Memorandum at p. 16. But the differing legal underpinnings of the claims is legally insignificant to the common personal privacy interests that attach to personnel files and records. For instance, plaintiffs contend that *Ladson v. Ultra E. Parking Corp.*, 164 F.R.D. 376 (S.D.N.Y. 1996), is inapplicable because it involved employment discrimination claims. *See* Plaintiffs' Memorandum at p. 17. However, that case specifically noted that "[l]egitimate privacy concerns exist with regard to personnel files," and made no mention of how the procedural posture of the case from which the discovery demands emanated could possibly impact the analysis. *Ladson*, 164 F.R.D. at 377 n.2. Plaintiffs similarly argue that *Garnett-Bishop v. New York Community Bancorp, Inc.*, 2013 WL 101590 (E.D.N.Y. Jan. 8, 2013) is inapplicable because it is "an employment case involving race, gender and age discrimination claims." *See* Plaintiffs' Memorandum at p. 16. But, again, the nature of the underlying claims was immaterial to Judge Lindsay's analysis, which ultimately hinged upon the "inherent potential for harm or embarrassment if the information [in personnel files] is revealed." *Id.* at *2.

In addition, plaintiffs fail to meaningfully distinguish the instant case from cases that have designated as confidential documents containing personally identifiable information about non-party students. For example, despite plaintiffs' efforts to distinguish *Robert F. v. North Syracuse Central School Dist.*, *see* Plaintiffs' Memorandum at p. 23, that case is on point. There, the Court affirmed entry of a protective order that designated as confidential documents from personnel

records, as well as documents containing "personally identifiable information about students other than Plaintiffs' child." *Robert F.*, 2020 WL 12846935, at *2.

Plaintiffs similarly argue, repeating a familiar refrain, that *Metcalf v. Yale Univ.*, 2017 WL 627423 (D. Conn. Feb. 15, 2017) is inapposite because it is "an employment case" where students' education records were not requested in discovery. *See* Plaintiffs' Memorandum at pp. 17-18. However, at issue in *Metcalf* were "documents maintained by Yale's Title IX office," including "reports of complaints of sexual misconduct." Finding that Yale's arguments regarding "the larger privacy and confidentiality concerns surrounding the potential disclosure of documents concerning the investigation of complaints of sexual misconduct are well taken," the Court ordered certain documents to be produced, but made clear that such documents would be provided subject to a protective order providing for redactions, "Attorneys Eyes Only" designations, and a directive that plaintiff's counsel "make no effort to identify or interview any of the parties involved." *Id.* at *1-2, 5, 7; *see also Dahmer v. W. Ky. Univ.*, 2019 WL 1781770, at *2 (W.D. Ky.) (student complaints about university employees could be disclosed, but disclosure would be made pursuant to a protective order because "disclosure of these communications could breach the privacy of other [university] students who have made Title IX complaints, been the subject of investigation during Plaintiff's Title IX investigation, or could generally contain information about other [university] students").

Plaintiffs, finally, insist that redactions are the "preferred method" for protecting non-parties' privacy. Plaintiffs' stated justification is that, "[g]iven the size of [the University's] student body and faculty, a casual observer of the docket will never be able to figure out the identity of the students and faculty who came forward for years before Plaintiffs to complaint [sic] about Noonan's sexual misconduct if their names are redacted." *See* Plaintiffs' Memorandum at p. 19.

8

Plaintiffs' self-serving assumption is forcefully rebutted by, among other cases, *Byrne v. Yale Univ.*, 2020 WL1820761 (D. Conn. Apr. 10, 2020). There, Judge Bryant stated:

> As to redacted students' names, the Court is concerned that a savvy reader could deduce their identities, given the specificity of the statements and the small circle of knowledgeable persons. The Court finds that these third parties have a compelling privacy interest and failure to protect that interest would amount to 'manifest injustice.' Not only would its public disclosure thwart the ability to obtain candid responses to essential investigations of impropriety, it could besmirch the names of innocent people.

*Id.* at *3. And while Canisius has a total enrollment of approximately 2,500 students, that is but a fraction of the roughly 12,000 students and 5,259 faculty members at Yale. *See* Yale: By the Numbers, https://www.yale.edu/about-yale/yale-facts. (last checked March 22, 2024). Plaintiff's suggestion that redaction is an adequate option for the requested confidentiality Order is folly.

**CONCLUSION**

For the reasons set forth above, and in the University's initial submissions, the University's motion should be granted, and the terms of the proposed confidentiality Order should be entered, together with such additional relief as this Court deems just and appropriate.

Dated: March 22, 2024                                  Respectfully submitted,

HODGSON RUSS LLP

By:   s/ Thomas S. D'Antonio
      Thomas S. D'Antonio
      Christine M. Naassana

1800 Bausch & Lomb Place
Rochester, New York 14604
(585) 454-0700
tdantonio@hodgsonruss.com
cnaassana@hodgsonruss.com

*Attorneys for defendant Canisius University, sued here as Trustees of Canisius College*