**Plaintiffs' Exhibit HH**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SIERRA BOUCHER, LILY ENGEBRECHT,
NATASSIA TUHOVAK, HANNAH WHELAN,
and CASSIDY WOOD,

                     Plaintiffs,

-against-

TRUSTEES OF CANISIUS COLLEGE,

                     Defendants.

**INITIAL DISCLOSURES**
1:22-cv-00381-CCR

---

Defendant Canisius University, sued here as the Trustees of Canisius College (the "University" or "Canisius"), by its attorneys, Ward Greenberg Heller & Reidy LLP, provides the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

i. **Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

    a) Robin Foster. Dr. Foster has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: plaintiffs' academic activities at Canisius, relevant interactions and communications with plaintiffs, and plaintiffs' claims related to alleged retaliation. Dr. Foster may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

    b) Elizabeth Hogan. Professor Hogan has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: plaintiffs' academic activities at Canisius, relevant interactions and communications with plaintiffs, plaintiffs' reports of alleged harassment made against Michael Noonan and the University's response thereto, and plaintiffs' claims related to alleged retaliation. Professor Hogan may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

    c) John Hurley. Mr. Hurley has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: relevant interactions and communications with plaintiffs and/or Michael Noonan. Mr. Hurley may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

    d) Terri Mangione. Dean Mangione has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: the University's policies and

1

procedures for investigation of Title IX matters generally, and plaintiffs' claims related to reports of alleged harassment against Michael Noonan. Dean Mangione may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

e) Susan Margulis. Professor Margulis has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: plaintiffs' academic activities at Canisius; plaintiffs' reports of alleged harassment made against Michael Noonan and the University's response thereto, relevant interactions and communications with plaintiffs, and plaintiffs' claims related to alleged retaliation. Professor Margulis may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

f) Margaret McCarthy. Professor McCarthy has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: relevant interactions and communications with plaintiffs and/or Michael Noonan. Professor McCarthy may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

g) Sara Morris. Dr. Morris has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: plaintiffs' academic activities at Canisius, relevant interactions and communications with plaintiffs, and plaintiffs' claims related to alleged retaliation. Dr. Morris may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

h) Connie Pileri. Ms. Pileri has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: plaintiffs' reports of alleged harassment made against Professor Noonan and the University's response thereto, the University's policies and procedures as they pertain to Title IX matters generally, relevant interactions and communications with plaintiffs, and plaintiffs' claims related to alleged retaliation and breach of contract. Ms. Pileri may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

i) Joshua Russell. Dr. Russell has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: plaintiffs' academic activities at Canisius, relevant interactions and communications with plaintiffs, and plaintiffs' claims related to alleged retaliation. Dr. Russell may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

j) Malini Suchak. Dr. Suchak has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: plaintiffs' academic activities at Canisius, relevant interactions and communications with plaintiffs, and plaintiffs' claims related to alleged retaliation. Dr. Suchak may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

k) Linda Walleshauser. Ms. Walleshauser has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: plaintiffs' reports of alleged harassment made against Michael Noonan and the University's response thereto, the University's investigation into plaintiffs' reports, the University's policies and procedures generally as they pertain to student and employee conduct, the University's policies and procedures for investigation of Title IX matters generally, relevant interactions and communications with plaintiffs and with Mr. Noonan, and plaintiffs' claims related to alleged retaliation and breach of contract. Ms. Walleshauser may be reached through counsel, Ward Greenberg Heller & Reidy LLP.

### *Others with Potentially Relevant Information*

l) Sierra Boucher. Upon information and belief, plaintiff Boucher has knowledge of the claims she is making in this lawsuit as well as her purported damages.

m) Lily Engebrecht. Upon information and belief, plaintiff Engebrecht has knowledge of the claims she is making in this lawsuit as well as her purported damages.

n) Michael Noonan. Mr. Noonan has knowledge of certain of the facts and circumstances alleged in the Complaint, including but not limited to: plaintiffs' academic activities at Canisius, relevant interactions and communications with plaintiffs, and the University's investigation of allegations of misconduct made by plaintiffs against Mr. Noonan. Mr. Noonan's address is currently unknown to Canisius.

o) Natassia Tuhovak. Upon information and belief, plaintiff Tuhovak has knowledge of the claims she is making in this lawsuit as well as her purported damages.

p) Hannah Whelan. Upon information and belief, plaintiff Whelan has knowledge of the claims she is making in this lawsuit as well as her purported damages.

q) Cassidy Wood. Upon information and belief, plaintiff Wood has knowledge of the claims she is making in this lawsuit as well as her purported damages.

ii. **Rule 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The University possesses the following categories of non-privileged documents that are available for production by Ward Greenberg Heller & Reidy LLP and that may be used to support their defenses:

a) The University's relevant policies and procedures.

b) Pertinent email communications by and between the plaintiffs and University personnel.

c) Pertinent email communications by and between University personnel.

d) Communications sent to Michael Noonan regarding his status as an employee of the University.

e) Plaintiffs' academic transcripts and related records.

f) Letters of recommendation prepared for various plaintiffs.

Copies of the foregoing will be produced with the University's initial document production, after the parties finalize and enter into an agreement with respect to a Confidentiality Agreement and Protective Order.

iii. **Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not applicable.

iv. **Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

The University will provide with its initial document production a copy of the declaration sheets which identify the limits of all applicable insurance policies which reasonably could be responsible to satisfy all or part of any possible judgment which may be entered in this action.

The University reserves its right to supplement and amend this disclosure in accordance with Federal Rule of Civil Procedure 26(a)(1).

Dated: August 31, 2023

**WARD GREENBERG HELLER & REIDY LLP**

/s/ Thomas S. D'Antonio
Thomas S. D'Antonio
Christine M. Naassana

1800 Bausch & Lomb Place
Rochester, NY 14604
(585) 454-0700
tdantonio@wardgreenberg.com
cnaassana@wardgreenberg.com

*Attorneys for defendants the Trustees of Canisius University*